JAE Y. LEE (SBN 166619)
Email: jyllaw@jyllaw.com
YUEBAI GAO (SBN 321847)
Email: ruby@jyllaw.com
**LAW OFFICES OF**
**LEE & ASSOCIATES, P.C.**
3731 Wilshire Boulevard, Suite 300
Los Angeles, California 90010-2821
Telephone:   (213) 380-0777
Facsimile:    (213) 380-0150
Email: jyllaw@jyllaw.com
Email: ruby@jyllaw.com


CASE BARNETT LAW
CASE C. BARNETT, ESQ. (SBN 233116)
Email:  case@casebarnettlaw.com
JEANETTE J. HAHN, ESQ. (SBN 324130)
Email:  jeanette@casebarnettlaw.com
1968 S. Coast Hwy. Suite 2680
Laguna Beach, CA  92651
Tel:   (949) 861-2990
Fax:   (888) 883-4294

Attorneys for Plaintiff, YUE YANG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| YUE YANG, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |
| vs. | |
| UNITED STATES OF AMERICA; UNITED STATES COAST GUARD; DOES 1 THROUGH 20, INCLUSIVE | 1.  NEGLIGENCE – MOTOR VEHICLE |
| Defendant. | **DEMAND FOR JURY TRIAL** |

COMPLAINT

COMES NOW Plaintiff, YUE YANG, complaining of Defendants and alleges as follows:

## I.

## JURISDICTION

1.     This action is brought pursuant to the Federal Tort Claims Act, (28 U.S.C § 2671 *et seq.*) and 28 U.S.C § 1346(b)(1) for money damages as compensation or injury to and loss of property and personal injuries. Pursuant to 28 U.S.C § 1346(b)(1) this Court has original subject matter jurisdiction.

2.     This suit is brought under the Federal Tort Claims Act ("FTCA") §§ 1346, 2671 *et seq*. The FTCA has an administrative exhaustion requirement under which a claimant, before filing suit, must tender an administrative claim to the federal government. If the relevant agency does not finally dispose of the administrative claim within six months, then the claimant is deemed to have exhausted administrative remedies. 28 U.S.C. § 2675(a). An administrative claim with the relevant federal agency was filed more than six months ago, and the agency did not finally dispose of the claim.

## II.

## VENUE

3. Venue is proper in the Central District of California.  The motor vehicle accident giving rise to this complaint occurred at or near the intersection of Interstate 110 North and West Manchester Avenue E in the city of Los Angeles, CA 90003, which is within the present judicial district.  Plaintiff YUE YANG also resides within this judicial district.

4. Because Plaintiff YUE YANG resides in this District, venue is proper under 28 U.S.C. § 1402(b). Venue is proper in this District under 28 U.S.C. § 1391(e)(1) for the additional reason that a substantial part of the acts and omissions forming the basis of Plaintiff's claim occurred in the Central District of California.

5. This action is properly assigned to the Western Division pursuant to

General Order No. 21-01(I.B.1.a.(1)(b)) because this action involves no more than one Plaintiff who resides in the Western Division of the district and because FTCA cases are not exempt from intra-district assignment.

## III.

## PARTIES

6. Plaintiff YUE YANG (hereinafter "PLAINTIFF") is, and at all times relevant was, a resident of Los Angeles County, California.

7. At all times relevant herein, the Defendant UNITED STATES OF AMERICA is a governmental agency. The Defendant UNITED STATES COAST GUARD was and is an agency of the Defendant THE UNITED STATES OF AMERICA.

## IV.

## FACTS COMMON TO ALL ACTIONS

8. On or about February 2, 2022 at approximately 10:10 A.M., a three-vehicle collision occurred on the North I-110 Harbor Freeway near the intersection of Manchester Boulevard in Los Angeles County, California. PLAINTIFF's vehicle was rear-ended by a U.S. government motor vehicle being driven by G. Garcia Mckenney Lukas, who was at all relevant times an employee of the UNITED STATES COAST GUARD, an agency of the UNITED STATES OF AMERICA.

9. The vehicles involved in the collision were as follows: (1) 2012 Subaru Impreza; (2) 2013 Subaru Outback Limited 4WD Utility Vehicle driven by PLAINTIFF, bearing California license plate number 7AZB478; (3) and 2014 Dodge Ram 1500 pickup truck driven by G. Garcia Mckenney (hereinafter "Mckenney") Lukas bearing U.S. Government license plate number GG22991P.

10. On said date, Mckenney, an employee of Defendants UNITED STATES OF AMERICA and UNITED STATES COAST GUARD drove carelessly, negligently, and with extreme recklessness, including, but not limited to, rear-ending PLAINTIFF at high speed when vehicles ahead had come to a stop.

11. Mckenney, an employee of Defendants UNITED STATES OF AMERICA and UNITED STATES COAST GUARD carelessly and negligently struck PLAINTIFF's vehicle which was proceeding straight with the right of way and at or coming to a stop due to traffic ahead.

12. On March 1, 2022, PLAINTIFF submitted a claim for $257,000.00 based on the allegations herein to the UNITED STATES COAST GUARD for administrative settlement. The UNITED STATES COAST GUARD did not expressly deny the claim and six months have passed. Accordingly, PLAINTIFF has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims.  Such claims having been denied, Plaintiff hereby institutes the present lawsuit.

## V.

## FIRST CAUSE OF ACTION

## NEGLIGENT OPERATION OF A MOTOR VEHICLE

13. PLAINTIFF incorporates herein by reference paragraphs 1 through 12, above as though fully set forth herein.

14. On February 2, 2022, a UNITED STATES COAST GUARD truck was operated by a UNITED STATES OF AMERICA agent or employee as he/she was in the course and scope of his/her employment with Defendants UNITED STATES OF AMERICA, UNITED STATES COAST GUARD.

15. The UNITED STATES OF AMERICA, U.S. COAST GUARD employee or agent was driving negligently and carelessly, including but not limited to rear-ending PLAINTIFF's vehicle at a high rate of speed when PLAINTIFF's vehicle was at or coming to a stop due to traffic ahead.

16. The UNITED STATES OF AMERICA, U.S. COAST GUARD and its agents and employees acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the United States

vehicle as to proximately cause the collision against the vehicle in which PLAINTIFF was then driving, thereby proximately causing the injuries and damages hereinafter mentioned.

17. The UNITED STATES OF AMERICA, U.S. COAST GUARD employee was also negligent in failing to keep attentive to his or her whereabouts and traffic conditions ahead. Defendants knew or should have known that traffic was coming to a stop and that failing to keep attention to traffic conditions ahead would be unsafe, all of which negligence, carelessness, and recklessness constituted the proximate cause of the United States vehicle striking the vehicle in which Plaintiff was driving.

18. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants UNITED STATES OF AMERICA and UNITED STATES COAST GUARD, PLAINTIFF was injured to his body and its members and was rendered sick, sore, lame, and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. PLAINTIFF suffered neck and chest pain, heart palpitations, nausea, and trauma as a result of injuries he sustained in connection with the incident. He sought medical care due to his injuries and incurred medical expenses as result thereof. As a result of said injuries, PLAINTIFF has had, and in the future will have, physical, mental, and emotional pain, suffering, worry, and anxiety.

19. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants UNITED STATES OF AMERICA and UNITED STATES COAST GUARD, PLAINTIFF's vehicle sustained significant rear-end and front-end damage with airbag deployment and its rear window completely shattered. PLAINTIFF incurred expenses related to his vehicle, which was deemed a total loss as a result of the incident.

20. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants UNITED STATES OF AMERICA and UNITED STATES COAST GUARD, PLAINTIFF suffered grave and serious mental anguish, fear, anxiety and

illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, PLAINTIFF has had, and in the future will have, physical, mental, and emotional pain, suffering, worry and anxiety.

21. By reason of said injuries, PLAINTIFF has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to his further damages caused by the incident.

22. By reason of said injuries, PLAINTIFFF was unable to do his usual work for a period of time, have been unable to do a portion of their work since that time, will be partially disabled in the future and have sustained damage to their future earning capacity, all to their damage, according to proof.

23. By reason of said injuries, PLAINTIFF has sustained damage to their future earning capacity, all to their further damage, according to proof.

24. By reason of said incident, PLAINTIFF was deprived of the use of an automobile for a period of time, all to PLAINTIFF'S further damages, according to proof.

## VI.
## PRAYER

WHEREFORE, PLAINTIFF demands the following relief, jointly and severally, against all Defendants;

a) For damages for injuries sustained due to the negligence of the UNITED STATES OF AMERICA and UNITED STATES COAST GUARD's agent and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from his injuries in the sum of $257,000.00;

b) Costs of suit and attorney's fees incurred as allowable by law;

c) Such further relief as the Court deems just or proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury of all claims so triable.

Dated: August 4, 2023

**CASE BARNETT LAW**

By: *Jeanette Hahn*
_____
Case Barnett, Esq.
Jeanette J. Hahn, Esq.
*Attorneys for Plaintiff*